# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

## 18-CV-4554

STANLEY ROSENSTOCK,
    Plaintiff,

vs.

ANNETTE E. SOLLARS. d/b/a
EYEPORIUM GALLERY,
    Defendant.

NO. 18-cv-4554

## DEFENDANT'S MOTION TO DISMISS
## pursuant to RULE 12(b)(6)

### Table of Authorities

*Ashcroft vs. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)

*Bell Atlantic vs. Twombly*, 550 U.S. 544, 556, 127 S. Court 1955 (2007)

*Carlson vs. CSX Transportation, Inc.*, 758 F.3d 819 (7th Cir. 2014)

*Estate of Brown vs. ARC Music Group, Inc.*, 830 F. Supp.2d 501, 509 (N.D.Il. Aug 23,1999)

*Kemper Mobile Electronics, Inc. vs. Southwestern Bell Mobile System*, 428 F.3d 706 (7th Cir. 2005)

*Midwest Neoped Ass'n Ltd. v. Heritage Ind. Med. Group, P.C.,* No. 99 C 6276, 2001 WL 8878 (N.D. Ill. Aug. 23, 1999)

*Northern Trust Co. vs. Peters*, 69 F.3d 123 (7th Cir. 1995)

*Runnion vs. Girl Scouts of Greater Chicago*, 786 F.3d 510 (7th Cir. 2015)

*Tregenza vs. Great American Communications Co.*, 12 F.2d 717 (7th Cir. 1993)

## **Dismissal under Rule 12(b) (6)**

1. Despite the liberal pleading standards of the Federal Rules, in the Northern District, to survive a 12(b)(6) motion the claim for relief must be plausible rather than merely conceivable or speculative…the plaintiff. *Runnion vs. Girl Scouts of Greater Chicago*, 786 F.3d 510, 526 (7th Cir. 2015) citing *Ashcroft vs. Iqbal*, 556 U.S. 662, 678 and *Bell Atlantic vs. Twombly*, 550 U.S. 544, 556, 127 S. Court 1955, 1964-65 (2007)  A "plaintiff must include `enough details about the subject-matter of the case to present a story that holds together.'" *Runnion* at 526, citing *Carlson vs. CSX Transportation, Inc.*, 758 F.3d 819, 826 (7th Cir. 2014)

2. Where a Complaint "pleads fact that show that his suit is time-barred or otherwise without merit," dismissal is appropriate, *Tregenza vs. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993)

3. Notwithstanding the Federal Rules' command to courts to employ liberal pleading standards, to state a claim ROSENSTOCK must allege facts, either directly or inferentially, that could satisfy each element required for a recovery under some actionable legal theory.   Conclusory statements, unwarranted inferences and "unsupported conclusions of fact or mixed fact and law are not sufficient to defeat a 12(b)(6) motion to dismiss." *Northern Trust Co. vs. Peters*, 69 F.3d 123, 129 (7th Cir. 1995)

## **Count I, Equitable Accounting, must be dismissed because Plaintiff has an adequate remedy at law**

4. To state a claim for an accounting under Illinois law, a plaintiff must "show the absence of an adequate remedy at law **and** one of the following: (1) a breach of fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature." *Kemper Mobile Electronics, Inc. vs. Southwestern Bell Mobile System*, 428 F.3d 706, 715 (7th Cir. 2005) (affirming dismissal of accounting claim because plaintiff failed to allege that accounts were so complicated that only a court, not a jury, could

unravel them). See also: *Midwest Neoped Ass'n Ltd. v. Heritage Ind. Med. Group, P.C.*, No. 99 C 6276, 2001 WL 8878, at *2 (N.D. Ill. Aug. 23, 1999) (dismissing plaintiff's accounting action because the "Complaint was conspicuously devoid of any specific allegations that Plaintiff is without adequate remedy at law. ... This is a run-of-the-mill breach of contract claim...") and *Estate of Brown vs. ARC Music Group, Inc.*, 830 F. Supp.2d 501, 509 (N.D.Il. Aug 23,1999) (dismissing plaintiff's accounting claim where "it [was] clear that a breach of contract claim would provide an adequate legal remedy for any unpaid royalties.")

5. ROSENSTOCK's complaint contains no allegation that there is no remedy in contract law to satisfy has curiosity; rather it oxymoronically cites the "terms of the contract" as the justification for an equitable accounting.

6. Furthermore, the claim for an accounting is mooted by the accounting appended hereto as EXHIBIT B and incorporated herein by reference, detailing the seven prints sold from the Exhibition. Although EXHIBIT B does not list the sale prices, ROSENSTOCK himself participated in opening night of the Exhibition, at which every print was priced at $750. Rosenstock himself signed each of the seven prints, which would have been worth considerably less without the photographer's signature. Print sales from the Exhibition totaled $5250 before sales tax.

7. In addition to omitting any allegation that he is without an adequate remedy at law, ROSENSTOCK's Complaint does not even hint at the existence of a fiduciary relationship between the parties, a need for discovery that cannot be fulfilled through legal remedies, fraud or the existence of mutual accounts which are of a complex nature.

WHEREFORE, SOLLARS prays that this Honorable Court dismiss Count I with prejudice as the claim has defects that cannot be remedied by repleading, and it has been made moot by the information provided by this Motion.

## Count II, "Breach of Contract-Return of Photographs," must be dismissed because his fact allegation cannot support any relief at law

**and**

**contract breach cannot support the equitable remedy of seizure of SOLLARS' property**

8. Count II of the complaint fails because the alleged breach of contract does not, and cannot under any construction of the alleged contract, entitle him to the return of photographic prints which were paid for by SOLLARS.

9. The Complaint is void of any allegation that ROSENSTOCK himself printed and framed the Exhibition prints, or that he paid for these service, or had any claim of right in title to the frames or the prints made for the Exhibition (all of which were paid for by SOLLARS).

10. The contract, on which ROSENTOCK founds his extraordinary equitable demand for seizure and forfeiture of the prints made for the Exhibition contains no provision for return the Exhibition prints to ROSENSTOCK under any circumstances.

11. Even if the court generously views this claim as an action at law, ROSENSTOCK <u>can never allege the essential element of damages</u>, because ROSENSTOCK never spent a single dollar to produce or promote the Exhibition.

WHEREFORE, SOLLARS prays that this Honorable Court dismiss Count II with prejudice, as the claim has defects that can never be remedied by repleading,

**Count III, "Breach of Contract-Insurance," must be dismissed because the fact allegations cannot support any relief at law**
**and**
**contract breach cannot support the equitable remedy of seizure of SOLLARS' property**

12. Count III of the complaint similarly fails because the alleged breach of contract does not, and cannot under any construction of the alleged contract, entitle him to the return of photographic prints which were paid for by SOLLARS.

WHEREFORE, SOLLARS prays that this Honorable Court dismiss Count II with prejudice, as the claim has defects that can never be remedied by repleading,

## Count IV, Copyright Infringement, must be dismissed because it is time barred

13. The Statute of limitations for non-criminal copyright claims is stated clearly in 17 USC § 507(b): No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.

14. Count IV *does not allege* that the Defendant has publicly displayed or offered for sale any of the Exhibition prints since the close of the Exhibition, but instead asserts merely that "on information and belief" that SOLLARS *intends to* publicly display and/or offer for sale" ROSENTOCK's images at some unspecified time in the future. There is no fact alleged anywhere in the Complaint from which this bald assertion can be reasonably inferred.

15. SOLLARS does not dispute the allegation that she retained every photographic print and frame that she paid for. Possession of a tangible copy of copyrighted work which was made with the assent and participation of the copyright holder cannot constitute infringement as a matter of law.

16. Count IV merely reprints several sections of the Copyright Act and concludes without elaboration that ROSENSTOCK is entitled to injunctive relief, statutory damages and costs and attorney fees.

17. Although a facially plausible claim need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level..." *Iqbal* at 678. Conclusory statements, unwarranted inferences and "unsupported conclusions of fact or mixed fact and law are not sufficient to defeat a 12(b)(6) motion to dismiss." *Northern Trust Co. vs. Peters*, at 129; *Tamari* 469

WHEREFORE, SOLLARS prays that this Honorable Court dismiss Count IV with prejudice, as the claim has defects that can never be remedied by repleading,

Respectfully Submitted,

_/s/ Phillip J. Laurin_____
Phillip J. Laurin
Attorney for Defendant SOLLARS
1518 N. Ashland Ave.
Chicago, IL  60622
Phone (773) 490-8525
Fax (312) 733-1955
Email  urbanattorney@sbcglobal.net

**Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served on the Plaintiff's counsel electronically via the court's ECF system.

___/s/ Phillip J. Laurin___
Phillip J. Laurin