# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STANLEY ROSENSTOCK, <br><br> Plaintiff, <br><br> v. <br><br> ANNETTE E. SOLLARS, d/b/a EYEPORIUM GALLERY, <br><br> Defendant. | No. 18 C 4554 <br><br> Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stanley Rosenstock ("Rosenstock"), a photographer, filed a complaint against Defendant Annette E. Sollars, d/b/a Eyeporium Gallery ("Sollars") arising out of an exhibition of Rosenstock's work at Eyeporium Gallery in 2013. Rosenstock brings claims for accounting (Count I), breach of contract (Counts II and III), and copyright infringement (Count IV). Rosenstock filed his lawsuit in the Circuit Court of Cook County, Illinois and the case was removed to this Court pursuant to 28 U.S.C § 1441(a). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367. The parties consented to the jurisdiction of the United States Magistrate Judge. 28 U.S.C. § 636(c). Sollars moved to dismiss all four counts for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the Motion to Dismiss [8] is GRANTED in part and DENIED in part.

## I. FACTUAL ALLEGATIONS

Rosenstock alleges that on or about April 13, 2013, he entered into a contract with Sollars to display his photographs in an exhibition at Sollars's gallery in Chicago for a period of about two months. (Compl. ¶¶ 1, 3 & Exh. A).[1] His "Body of Work", which is entitled "1968 – Vanished Realities" and consists of 143 photographs with narratives, is under a copyright that he owns. (*Id.* ¶ 2). Under the parties' Eyeporium-Artist Representation Contract (hereafter, "Contract")[2], Sollars was to scan and retouch 70 negatives and print and frame 10 pieces for the exhibition. (*Id.* ¶ 3).[3] Sollars was also required to provide Rosenstock with an accounting of the sales of his works at the close of the exhibition and pay him for those sales within 30 days of the end of the exhibition. (*Id.* ¶¶ 6–7). In addition, Sollars was to insure the Body of Work for 100% of the retail value of the pieces. (*Id.* ¶ 8).

For the exhibition, Sollars actually printed and framed 68 pieces, and also requested that an additional piece be printed and framed for her personally, for which the parties agreed Rosenstock would be paid $250.00. (*Id.* ¶¶ 4–5). Rosenstock alleges that Sollars printed additional pieces contrary to the Contract, refused to render a complete accounting of the sales or inventory of unsold pieces, and failed to insure the Body of Work (*Id.* ¶¶ 4, 9, 12, 15). He also alleges that she retained copies of his

---

[1] The Court accepts as true "all factual allegations in the [] complaint and draw[s] all permissible inferences in [plaintiff's] favor." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (internal citations and quotations omitted).
[2] Rosenstock's Verified Complaint is located at Dkts. 2-1 and 8-1. The only attachment to the Complaint is Exhibit A, the Contract. The Contract references an Addendum but no Addendum is attached.
[3] There are two paragraphs labeled as paragraph ¶3 in the Complaint.

copyrighted work and "on information and belief" intends to publicly display and/or sell the work. (*Id*. ¶¶ 18–20). Rosenstock requests the "return of all extant printed and framed images." (*Id*. ¶¶ 13, 15).

## II. LEGAL STANDARD

Under Rule 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; the purpose is not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A determination of the sufficiency of a claim must be made "on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a plaintiff "must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Horning v. Lab. Corp. of Am.*, No. 09 C 3421, 2009 U.S. Dist. LEXIS 80866, at *4 (N.D. Ill. Sep. 3, 2009) (internal citations omitted).

## III. DISCUSSION

Rosenstock's claims are for an accounting, breach of contract, and copyright infringement. Sollars moves to dismiss all of the claims, arguing that repleading cannot remedy the defects and therefore dismissal with prejudice is proper. The motion is denied as to Count IV. Counts I, II, and III are dismissed without prejudice.[4]

### A. Accounting (Count I)

Under Illinois law, to state a claim for an equitable accounting, a plaintiff must "show the absence of an adequate remedy at law and one of the following: (1) a breach of fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature." *Estate of Brown v. Arc Music Grp.*, 830 F. Supp. 2d 501, 509 (N.D. Ill. Nov. 20, 2011) (internal citations and quotations omitted). Rosenstock failed to plead any of these elements. In his response brief, he argues that the Contract "on its face [*sic*] creates a fiduciary duty on the part of Defendant [*sic*] to render an accounting." (Dkt. 9 at 6). But he did not allege that, and may not amend his complaint in response to the motion to dismiss. *See Bissessur v. Indiana University Board of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009).

In addition to the fact that Rosenstock has not pled any of the requisite elements for an accounting claim, the allegations do not demonstrate that this is the type of case warranting such a claim. It appears from the Complaint that Rosenstock

---

[4] There is no dispute that Illinois substantive law applies to this dispute. *See* Compl. Exh. A, stating that the Contract is governed by the laws of the State of Illinois.

believes that approximately 59 or 60 of his pieces were printed and made available for purchase contrary to the Contract and he seeks to know how much is owed to him by Sollars.[5] The Seventh Circuit's ruling in *Kempner Mobile Electronics, Inc. v. Southwestern Bell Mobile Sys.* is instructive:

> We find that this case is nothing more than a garden-variety contract dispute. Indeed, damages in this case are not speculative, and the amount of damages is neither difficult nor impossible to measure. Furthermore, all of the accounting information pertinent to Kempner's claims could and should have been revealed through discovery, and there is no showing that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them.

428 F.3d 706, 715 (7th Cir. 2005). *See also Estate of Brown*, 830 F. Supp. 2d at 509 (dismissing plaintiff's accounting claim where plaintiff did not adequately plead any of the elements and "it [was] clear that a breach of contract claim would provide an adequate legal remedy for any unpaid royalties.") and *Artistic Framing, Inc. v. Hosp. Res., Inc.*, No. 12-cv-6997, 2013 U.S. Dist. LEXIS 11118, at *7 (N.D. Ill. Jan. 24, 2013) (concluding that it was unclear whether plaintiff's claim was for breach of contract, seeking the remedy of an accounting to calculate losses of the alleged breach, or whether plaintiff was alleging a separate, substantive accounting claim, but granting motion to dismiss under either scenario).

Since the Court is dismissing Count I because Rosenstock failed to allege any of the necessary elements of an accounting claim, it need not address Sollars's argument

---

[5] The Contract refers to retail prices for Rosenstock's works which are listed on the Addendum (although as earlier noted, the Addendum is not attached to the Contract or Complaint).

that an accounting, which she attaches as Exhibit B to her motion to dismiss (and which Rosenstock argues is greatly deficient), "moots" the claim.

## B. Breach of Contract–Return of Photographs (Count II)

To plead a cause of action for breach of contract in Illinois, "a plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007) (internal citations and quotations omitted). Sollars does not deny the existence of an enforceable contract but argues that Rosenstock failed to plead a breach or damages.

Rosenstock attaches to his Complaint the Contract, alleges that Sollars breached the Contract and printed and retained more images than was authorized under the Contract, and requests the return of all remaining prints. Although Rosenstock does not cite the specific provision(s) of the Contract he believes were breached, he has sufficiently alleged a breach. *See Peerless Network, Inc. v. MCI Commun. Servs.*, No. 14 C 7417, 2015 U.S. Dist. LEXIS 66822, at *21 (N.D. Ill. May 21, 2015).

However, the Complaint is devoid of any allegation that Rosenstock suffered damages resulting from the alleged breach. As an Illinois appellate court has explained, "[a] legally sufficient claim for breach of contract…must allege the existence of damages...The purpose of damages for breach of contract is to put the injured party in the position it would have been in had the contract been fully performed." *Palmolive Tower Condos., Ltd. Liab. Co. v. Simon*, 409 Ill. App. 3d 539, 546 (1st Dist. 2011). *See also Horning*, 2009 U.S. Dist. LEXIS 80866, at *8–9 ("[T]o prevail on a motion to

dismiss, a plaintiff is required to allege legally cognizable damages to maintain a cause of action for breach of contract.") (citing *Doe v. Nw. Univ.*, 289 Ill. App. 3d 39 (1st Dist. 1997)).

Rosenstock's only argument in response, that damages can be "assumed" under the Copyright Act (Dkt. 9 at 8), is unavailing. Damages for breach of contract must arise out of the breach. And generally damages for breach of contract and copyright infringement are distinct. *See Joseph J. Legat Architects, P.C. v. United States Dev. Corp.*, No. 84 C 8803, 1991 U.S. Dist. LEXIS 3358, at *30 (N.D. Ill. Mar. 19, 1991) (concluding that plaintiff's copyright infringement and contract claims "seek to redress two distinctly different injuries.") and *Higher Gear Grp., Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 958 (N.D. Ill. 2002) ("Generally speaking, contract claims affect the rights of parties to the contract and not any of the exclusive rights within the general scope of copyright."). In the relief sought in the breach of contract counts, Rosenstock does not request any monetary relief. (Compl. ¶¶ 13, 15). As Defendant points out, the requested return of images is equitable relief. *See Horning*, 2009 U.S. Dist. LEXIS 80866, at *8–9 (rejecting plaintiff's argument that they did not need to plead damages in their breach of contract claim because they were seeking equitable relief). Therefore, the Court is required to dismiss Rosenstock's breach of contract claim.

### C. Breach of Contract–Insurance (Count III)

Sollars argues that Count III cannot survive because the Contract does not entitle Rosenstock to the return of photographic prints and his allegations do not support

any relief at law. The relief Rosenstock requests in Count III is the same as for Count II—return of the images. While he has sufficiently alleged a breach of the requirement that Sollars insure the Body of Work, Rosenstock again failed to allege any resulting damages, warranting dismissal of the claim.

In sum, the Court dismisses Counts I, II, and III without prejudice. The Court rejects Sollars's request for dismissal with prejudice. Sollars does not explain why Rosenstock should not be able to replead other than she does not believe he can cure the defects in his complaint. But "[p]laintiffs who meet resistance to their complaint through a successful Rule 12(b)(6) motion generally are allowed at least one opportunity to replead." *Bianchi v. McQueen*, 917 F. Supp. 2d 822, 835–36 (N.D. Ill. 2013).

### D. Copyright Infringement (Count IV)

A copyright infringement claim has two elements: (1) "ownership of a valid copyright," and (2) "copying of constituent elements of the work that are original." *Carter v. Pallante*, 256 F. Supp. 3d 791, 798 (N.D. Ill. 2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Rosenstock's copyright claim is sufficiently pled. He alleges that he owns the copyright to his Body of Work entitled "1968 – Vanished Realities" and that Sollars's right to display and sell this work has terminated under the parties' contract. (Compl. ¶¶ 1–2, 18). Rosenstock claims that Sollars infringed his copyright by retaining copies of his work, and on information and belief, she intends to publicly display and/or sell the work. (*Id.* at ¶ 19).

In moving to dismiss the copyright claim, Sollars argues that (1) it is time-barred by the three-year statute of limitations under 17 U.S.C. § 507(b); (2) the allegations

are conclusory; (3) Rosenstock only alleges on "information and belief" that she intends to publicly display and/or sell his images; and (4) Sollars retained every print and frame she paid for, and possession of copyrighted work with the holder's assent and participation is not infringement as a matter of law. The Court addresses each of these arguments in turn.

Only in cases where the complaint "lays out everything necessary to determine that the claim is time-barred" should a motion to dismiss be granted on statute of limitations grounds. *Carter*, 256 F. Supp. 3d at 800 (citing *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610 (7th Cir. 2014)). *See also Smith v. Union Pac. R.R. Co.*, 474 F. App'x 478, 481 (7th Cir. 2012) ("We disfavor granting dismissal under Rule 12(b)(6) on grounds of untimeliness.") (internal citations omitted). This is not one of those cases. Under the Copyright Act, the statute of limitations begins to run with respect to each violation of a copyright owner's exclusive rights, and statute of limitations "is an affirmative defense that a plaintiff need not plead around." *Carter*, 256 F. Supp. 3d at 800. Rosenstock does not allege specifics about the timeframe for the alleged violations, but he does not need to do so. The Court cannot conclude from his complaint that his claim is time-barred. Dismissal on statute of limitations grounds would not be proper.[6]

---

[6] In his response brief, Rosenstock argues that he brought his action within the 3-year period and in addition, there is an "ongoing violation." There is no such doctrine under the Copyright Act, however. As the Court advised plaintiff in *Carter*, "Insofar as Carter seeks to proceed on the basis of infringing actions that took place more than three years prior to his commencing this action, such claims could be barred because there is no continuing violation doctrine under the Copyright Act." 256 F. Supp. 3d at 800 n.5.

Sollars further argues that Rosenstock's allegations are conclusory and objects to his allegation based on "information and belief." A copyright infringement claim must meet Rule 8's notice pleading standard, but not more. *See Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232, 2013 U.S. Dist. LEXIS 75032, at *11 (N.D. Ill. May 28, 2013). Rosenstock has met this standard by providing Sollars with fair notice of his copyright claim. In addition, Sollars does not cite any authority barring a court from considering allegations based on "information and belief" in deciding a Rule 12(b)(6) motion to dismiss. To the contrary, allegations on information and belief are generally proper where the facts are "peculiarly within the possession and control of the defendant." *Frerck v. Pearson Educ.*, Inc., No. 11-cv-5319, 2012 U.S. Dist. LEXIS 52664 at *7–8 (N.D. Ill. Apr. 16, 2012) (internal citations and quotations omitted). In *Frerck*, plaintiff alleged "upon information and belief" that defendant used plaintiff's photographs without permission in additional publications. *Id.* at *6. The Court considered these allegations and denied defendant's motion to dismiss plaintiff's copyright claims. *Id.* at *8–10. Similarly here, Sollars's alleged unauthorized use of Rosenstock's images is information in the possession and control of Sollars, so Rosenstock's allegations are sufficient.

Finally, Sollars argues that she paid for the images and Rosenstock assented to her retaining them so there is no copyright infringement as a matter of law. Rosenstock responds that Sollars's alleged payment for the printing and framing does not give her the right to retain the copyrighted images. In any event, Rosenstock has sufficiently pled the elements of a copyright infringement claim, and Sollars's

arguments ask the Court to consider matters outside of the pleadings, which is not proper on a motion to dismiss. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010) (A Rule 12(b)(6) "is decided solely on the face of the complaint and any attachments that accompanied its filing.").

## IV. CONCLUSION

For the reasons stated above, Defendant Annette E. Sollars, d/b/a Eyeporium Gallery's Rule 12(b)(6) Motion to Dismiss [8] is GRANTED in part and DENIED in part. Counts I, II, and III are dismissed without prejudice. The motion is denied as to Count IV. By November 21, 2018, Plaintiff Stanley Rosenstock may file an amended complaint if he believes he can cure the defects in his complaint. No responsive pleading by Defendant is required at this time in light of the settlement conference scheduled for December 7, 2018. The parties should confer and exchange any documents required to make the settlement conference productive.

Dated: November 6, 2018

E N T E R:

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge